UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THOMAS PHILLIP BELL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DANIEL HENKE, )<br>POLICE OFFICER, )<br>)<br>Defendants. ) | No. 1:21-cv-00741-TWP-DML |

### **ORDER**

Pro se Plaintiff Thomas Phillip Bell ("Plaintiff") filed this action on March 26, 2021 and filed an Amended Complaint on April 2, 2021. (Dkt. Nos. 1, 5). On April 21, 2021, the Court screened Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2) and determined that it fails to state a claim upon which relief can be granted and one defendant is absolutely immune from suit. The Court directed Plaintiff to file another Amended Complaint on or before May 13, 2021 to address the noted deficiencies and warned Plaintiff that this action would be dismissed if he failed to do so. Plaintiff filed a Second Amended Complaint on April 27, 2021, and has since filed five Motions—a Motion for Innocence Based on New Evidence, dkt. 9; Motion for Review of Camera View that was Displayed, dkt. 10; Motion for Rehearing and Summary Judgment, dkt. 11, Motion for Default Judgment and Request for Judicial Intervention, dkt. 12; and a second Motion for Summary Judgment, dkt. 13. For the reasons discussed below, the Court **dismisses** this action with prejudice and **denies** all pending motions.

# I. DISCUSSION

## A. Screening Standard

As explained in the Court's April 21, 2021 Order, district courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

## B. The Second Amended Complaint

In his Second Amended Complaint, Plaintiff appears to allege that he was wrongfully convicted of speeding in Fishers, Indiana. He names Judge Daniel Henke and police officer Steve Pickett as defendants. Plaintiff seeks damages of $5,000.00 from Officer Pickett and $2,000,000.00 from Judge Henke. (Dkt. No. 8). The remainder of Plaintiff's Complaint, to the extent the Court can understand it, appears to state that he previously had a speeding ticket in Indiana, has had court cases in Ohio, and mentions a video that was shown in the Fishers court. He states he is "fighting

for all my constitutional rights in all the courts." (Dkt. No. 8 at 7).

Judge Henke is absolutely immune from a lawsuit based on actions taken in his official capacity. *See Haas v. Wisconsin*, 109 Fed. Appx. 107, 114 (7th Cir. 2004) (citing immunity in rejecting arrestee's claims against state court judge for damages and injunctive relief). As for Officer Pickett, Plaintiff recites no facts about what took place or what rights he was deprived of. There is absolutely nothing in Plaintiff's Second Amended Complaint – even construed liberally – that would allow any reader to infer that there was any misconduct, or that any Officer Pickett is liable. Plaintiff's Second Amended Complaint therefore fails to state a claim upon which relief can be granted and must be **dismissed**.

## C. Pending Motions

Plaintiff has also filed five motions, as follows:

- Motion for Innocence Based on New Evidence (Dkt. No. 9) which states, in its entirety: "second Judge to Impeachment in Court's w[h]en I had been wrongfully convicted under the Constitution and my civil rights & liberties."

- Motion for Review of Camera View that Was Displayed (Dkt. No. 10), the only content of which is "I affirm under penalty of perjury as specified by [Indiana Code] 35-44.1-2-1."

- Motion for Rehearing and Summary Judgment (Dkt. No. 11) in which Plaintiff seeks review of "items not attached to the pleading" including "affidavits, oral testimony, disposition transcripts or other evidence."

- Motion for Default Judgment and Request for Judicial Intervention (Dkt. No. 12) in which Plaintiff restates that he is not guilty of speeding and complain that the video shown in court was "no good."

- Motion for Summary Judgment (Dkt. No. 13) which contains no content.

The only one of these filings that contains any content seeking Court action is Dkt. No. 11, but Plaintiff has provided nothing for the Court to review. Further, this lawsuit has not advanced past the screening stage, so submission of evidence is not appropriate. Finally, because this lawsuit is dismissed, Plaintiff's motions are moot. In sum, all of Plaintiff's motions must be denied.

## II. CONCLUSION

For the reasons stated above, Plaintiff's motions **(Dkt. Nos. 9, 10, 11, 12, and 13)** are **DENIED** and this action is **DISMISSED WITH PREJUDICE**. Plaintiff has been warned three times that the Court has the authority to restrict his ability to file actions and to assess fines against him for filing frivolous cases, and he may be sanctioned if he does not stop. *See Bell v. Indiana University Natatorium Police Dept.,* 1:20-cv-03185-SEB-MPB (S.D. Ind. May 3, 2021); *Bell v. United States of America*, No. 1:21-cv-00779-RLY-TAB (S.D. Ind. Apr. 21, 2021); *Bell v. Marion Superior Court*, No. 1:21-cv-01137-SEB-MJD (S.D. Ind. May 13, 2021). Plaintiff is notified that he is on the precipice of being sanctioned for his filing practices in this Court.

Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 5/21/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution by U.S. Mail:

Thomas Phillip Bell
General Delivery
Indianapolis, IN 46206